```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at PIKEVILLE**

BEVERLY ADKINS,                )
                               )
    Plaintiff,                 )   Civil Action No. 7:07-113-JMH
                               )
v.                             )
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL         )   **MEMORANDUM OPINION AND ORDER**
SECURITY,                      )
                               )
    Defendant.                 )
                               )

                **    **    **    **    **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 6, 7].[1] The Court, having reviewed the record and being otherwise sufficiently advised, has determined that the plaintiff's motion will be denied and the defendant's motion granted for the reasons which follow.

**I.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

>    2.   An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
>    3.   If an individual is not working and has a severe imparment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
>    4.   If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
>    5.   If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Adkins filed an application for Disability Insurance Benefits on September 26, 2002. [Administrative Record (hereinafter, "AR") at 78-80.] Following an unfavorable decision and a denial on reconsideration by Administrative Law Judge (hereinafter, "ALJ") Don C. Paris on February 12, 2004, Plaintiff

2

filed a request for review by the Appeals Council on August 4, 2004. Additionally, she filed a second application for Disability Insurance Benefits on February 27, 2004, and was granted an established onset date of February 13, 2004, secondary to arthritis and affective disorder. [AR at 551.] Following a favorable determination on August 4, 2004, the Appeals Council vacated the prior hearing decisions on April 20, 2005, and consolidated the claims, remanding them to the ALJ to obtain additional evidence of record and for further proceedings. [AR at 534-36.]

Thereafter, Plaintiff appeared and testified at a hearing on January 20, 2006, before ALJ James D. Kemper, Jr. [AR 955-81.] In a decision dated August 21, 2006, ALJ Kemper determined that she was not disabled and was "not entitled to a period of disability or Disability Insurance Benefits under [§§] 216(i) and 223, respectively, of the Social Security Act." [AR at 31.] Since that time, she has timely pursued and exhausted her administrative remedies, seeking review by the Appeals Council, which has denied the request. [AR at 10.]

As summarized by the ALJ:

> The claimant is a 51-year-old individual with a general equivalency diploma. Her past work experience includes employment as a school lunchroom manager. She alleges that she became disabled on September 6, 2001, due to low back pain, arthritis, knee pain, history of left breast cancer, bladder cancer, breathing problems, CTS (carpal tunnel syndrome), stress, and anxiety.

3

[AR at 23.]

With regard to Plaintiff's claims, the ALJ made the following findings in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's low back pain, degenerative joint disease of both knees (left worse than right), and a mental disorder are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the following residual functional capacity: lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk four hours in an eight hour workday, 30 minutes without interruption. Non-exertionally, she may only occasionally climb, balance, stoop, kneel, crouch and crawl (Exhibit 64F). Secondary to her mental impairments, she has a fair (limited but satisfactory) ability to follow work rules, relate to co-workers, use judgment interact with supervisor(s), function independently, understand/remember/carryout [*sic*] complex job instructions, and demonstrate reliability;

poor (seriously limited but not precluded) ability to deal with the public, deal with work stresses, maintain attention/concentration, behave in an emotionally stable manner, and relate predictably in social situations . . . . She retains the capacity to perform simple, law stress, task oriented jobs with minimal or very limited interaction with the public (Exhibit 63F).

7. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

8. The claimant is an "individual closely approaching advanced age" (20 CFR § 404.1563).

9. The claimant has a "high school equivalent education" (20 CFR § 404.1564).

10. The claimant has no transferable skills from any past relevant work (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Specific examples of such jobs nationally/regionally (three states of Kentucky, West Virginia and Ohio) at the light level of exertion were provided as follows: hand packer, 80,000/4,800; and mail sorter, 52,000/2,600. Examples provided at the sedentary level of exertion were as follows: assembler, 45,000/3,800; and mail labeler, 59,000/2,900.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

[AR at 30-31.]

In reaching the conclusion that Plaintiff was not disabled, the ALJ disregarded her treating physician's opinion that Plaintiff was totally disabled due to pain, writing as follows:

> In so finding, I am not unmindful of the opinions of total disability due to pain given by the claimant's treating physician, Dr. Mahmood (Exhibits 59F and 77F). I reject this opinion as I note that the opinion of total disability is reserved for the Commissioner to make. Moreover, Dr. Mahmood made his assessment based on an inadequate clinical exam. As to the claimant's back, the exam was normal with the exception of positive straight leg raising (no degrees were noted). She had no joint tenderness, normal joint movement, and normal gait (Exhibit 59F). More recently, no neurological focal deficits were noted and no tenderness. Clinically she has no evidence of herniation and no surgery has been recommended. It appears that his statements are based on subjective complaints and do not carry the weight that the more objective and thorough consultative exam carries.

[AR at 28.]

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348,353 (6th Cir. 2001), and whether the ALJ employed the

proper legal standards in reaching his conclusion, see *Landsaw v. Sec'y of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Plaintiff argues that the case should be remanded because the ALJ erred when he did not recontact Plaintiff's treating physician in order to obtain additional information once he determined that Dr. Mahmood's treatment notes did not include objective findings which supported a conclusion of total disability due to pain. Specifically, Plaintiff argues that this is error because the ALJ stated that it "appear[ed]" that the treating physician's opinions were based on subjective complaints.

20 C.F.R. 404.1512 provides, in pertinent part, that:

> . . . when the evidence [received] from [a] treating physician . . . is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.

This section further provides that, to obtain the information:

> [w]e will first recontact your treating physician . . . to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary

> information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source . . .

20 C.F.R. 404.1512.

Plaintiff relies upon the unpublished opinion in *Littlepage v. Chater*, which summarizes the relevant law as follows:

> . . . the ALJ is not bound by a conclusory opinion which is unsupported by detailed objective criteria, or when there is substantial medical evidence to the contrary. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 287 (6th Cir.1994): *Cohen v. Secretary of Health and Human Services,* 964 F.2d 524, 528 (6th Cir.1992): *King v. Heckler,* 742 F.2d 968, 973 (6th Cir.1984). Although not bound by the opinion of the treating physician, if the ALJ chooses to reject that opinion, the ALJ must articulate a reason for doing so. *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987).

*Littlepage v. Chater*, No. 96-6618, 1998 WL 24999, *3 (6th Cir. Jan. 14, 1998). It was, thus, that the *Littlepage* court determined that:

> [T]he district court properly concluded that the ALJ acted appropriately in discounting the unsupported medical conclusions of [the claimant's treating physician] contained in the assessment form, and that the ALJ gave appropriate reasons for doing so. There was no requirement under the Commissioner's regulations to re-contact [the claimant's treating physician] in view of the fact that all of [the treating physician's] treatment notes were already in the record and were used to make a determination regarding Littlepage's

8

mental impairment.

*Id.*

The Court agrees with the Commissioner that *Littlepage* stands for the proposition that a medical assessment containing conclusions unsupported by objective medical evidence is not necessarily inadequate for the purposes of 20 C.F.R. §404.1512(e)(1), so as to require the ALJ to recontact the physician for further information. *Littlepage* is thus, instructive to this Court.

Dr. Mahmood's treatment notes for Plaintiff are contained in the record and were clearly reviewed by the ALJ in his analysis of the matter. Indeed, the ALJ recounted Dr. Mahmood's notations of normal exams "with the exception of positive straight leg raising (no degrees were noted)[, . . .] no joint tenderness, normal joint movement, and normal gait." [AR at 20; 333-35; 810-21; 823; 826-28; 905-12.] In other words, in the absence of more, the ALJ felt that there were no objective findings in the treatment notes maintained by Dr. Mahmood that supported his conclusion that Plaintiff is totally disabled by pain. The ALJ, thus, theorized that the treating physician was relying on Plaintiff's subjective complaints of pain, recorded in Dr. Mahmood's treatment records, rather than non-existent objective medical evidence.

The ALJ's choice of the word "appears" does not suggest an effort to skirt over an incomplete or inadequate record and is, in

9

fact, rather sensible. Dr. Mahmood's assessments of Plaintiff's disability make no reference to what evidence he relies upon. [*See* AR at 804-09; 814-17; 822, 824-25, and 829.] There being, in the ALJ's eyes, no objective evidence to support a conclusion of complete disability found in Dr. Mahmood's treatment notes, it follows that Dr. Mahmood must have relied on the Plaintiff's subjective complaints of pain which are recorded in those notes.[2]

Ultimately, the ALJ rejected Dr. Mahmood's assessment that Plaintiff was totally disabled by pain because it was unsupported by the objective findings in the physician's own treatment records not because those treatment records were, in and of themselves, incomplete or inadequate. Thus, the ALJ did not err by not recontacting Dr. Mahmood.

## V.   CONCLUSION

For the foregoing reasons, the opinion of the Commissioner

---

[2]   The Court also notes that:

> Reversal . . . is appropriate only if the applicant shows prejudice from the ALJ's failure to request additional information. Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.

*Newton v. Apfel*, 209 F.3d, 453, 458 (5th Cir. 2000). Plaintiff has not shown that additional evidence would have been produced had the ALJ requested it of Dr. Mahmood, nor has she demonstrated that any such evidence might have led the ALJ to a different decision. No prejudice having been shown, it would not be necessary to reverse the decision of the Commissioner in this matter, in any event.

will be affirmed.

Accordingly, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 7] be, and the same hereby is, **GRANTED.**

(2) That the plaintiff's motion for summary judgment [Record No. 6] be, and the same hereby is, **DENIED.**

This the 11th day of February, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

11